By section 14 of art. 6 of the constitution, it is declared, that a county judge shall be elected in each county of the state, except in the city and county of New York, who shall hold a county court, and this county court "shall "have such jurisdiction in cases arising in justice courts, and "inspecial cases, as the legislature may prescribe, but shall "have no original civil jurisdiction except in such special "cases." The judiciary act of May 12, 1847, sections 29, 30, 31, enumerates the special cases of which county courts shall have jurisdiction, and among them is the action for assault and battery, when the damages claimed do not exceed five hundred dollars. In all such actions and proceedings as they have jurisdiction of, the power to hear, try, and determine them, according to law, is declared. County courts are therefore courts of special and limited powers, dependent upon the legislature for their jurisdiction, and subject to any alteration which the legislature may think proper to make with respect to it at any time. When the action for assault and battery was commenced in September, 1847, by Dayharsh against Enos, in the Madison county court, that court had jurisdiction *Page 535 
and power to try it; but before it could be tried, the code of 1848 took effect as a law. The 32d section of that code repealed the judiciary act so far as it had conferred or defined the jurisdiction of the county courts, and declared their jurisdiction de novo, omitting the action of assault and battery, and a number of other actions, altogether; but expressly providing that the repeal should not affect any proceedings then pending in those courts. "Any proceeding," I suppose must be understood as embracing any "action" then pending, so that the action in question still had its standing in court. But how was it to be tried? The 34th section of the code appointed general terms of each county court, for the final hearing of actions or proceedings pending therein; but this code provided no way for the trial of issues of fact previously joined. Its provisions related to issues of fact thereafter joined, (sec. 35.) Such issues were to be tried by the court, unless on motion of either party it should order a jury trial. When a jury should be ordered, sections 36 and 37 prescribe the manner of obtaining and drawing the jury. By introducing the word "hereafter" intosection 35, all those provisions which followed about a jury trial in the county courts were made to relate, not to issues which had been already joined, and were then pending in those courts under the law of 1847, but confined them to issues of fact which should be subsequently joined. This was probably an oversight or an inadvertence. Still it may be asked, was there not a power residing in the county court of Madison to try that cause by a jury? I think there was. The court was a constitutional court. Its power and jurisdiction had been declared and defined by the judiciary act. In virtue of that law the court had acquired jurisdiction over the person of the defendant, as well as over the subject matter of the action. The jurisdiction of the court in respect to future cases and proceedings was materially altered by the code, but the court was left in possession of this pending action, unaffected by the change. The court was required by the code itself to hold a *Page 536 
general term on days and at places specified, "for the final "hearing of actions or proceedings pending therein." The constitutional right of trial by jury belonged to the case. In the absence of any specific directions for summoning or obtaining the attendance of a jury, the court still had the power to order a jury to be summoned and drawn for the trial of the cause. It was a necessary power inherent in the court, and which it might exercise, unless a trial of it by a jury had been waived by consent of parties, or in some other manner prescribed by law. (Constitution, art. 1, sec. 2.) When therefore this cause was brought before the county court to be tried, as it was in September, 1848, that being one of its stated terms, it was clearly competent for the county judge to order a jury to be summoned to try it; the parties not having in any manner waived a trial by jury. It appears from the record that the trial took place before a jury of twelve men, who were drawn from a pannel of eighteen residents of the county, summoned by the sheriff for the purpose, under an order made by the county judge in court, and by that jury a verdict was rendered in the usual manner of such trials, on which judgment was given.
Now the question on this appeal is not one of regularity or irregularity in the manner of summoning, returning, or drawing the jury, or in the mode of conducting the trial. If there was any thing objectionable in either of those respects, the dissatisfied party should have sought his remedy in another form. The only question upon the record brought up on this appeal, is a question of jurisdiction and power of the county court to try the cause at all, and more especially to try it by a jury; and believing as I do that notwithstanding the change in the law while the action was pending, the county judge retained the jurisdiction, and had the power to order a jury for the trial of it, I think the judgment appealed from must be affirmed.
Judgment affirmed. *Page 537